ATTAWAY McKINNON, *Plaintiff in Error,* v. AMOS E. LEWIS AND WILL DAVIS, *Defendants in Error.*

1. A certified copy of the minute entry of a Circuit Court judgment, entered in open court, is admissible in evidence, as the basis for a sheriff's deed thereon, even though the judge's name does not appear in the judgment and there

is no proof that he signed this entry.

2.  An evident clerical misprision in the sheriff's return upon the execution, would not affect the sheriff's deed to property sold thereunder.

Appealed from the Circuit Court for Calhoun County.

The facts in the case are stated in the opinion of the court.

*D. L. McKinnon,* for Plaintiff in Error;

No appearance for Defendants in Error.

COCKRELL, J.—In an action of ejectment tried by a practicing attorney as Judge *ad litem,* there was verdict and judgment for the defendant, to which the plaintiff took his writ of error.

The plaintiff sought to introduce a money judgment rendered in the Circuit Court for Jackson County, as the foundation for his title from a sheriff's deed thereunder. He offered a copy of the minute entry of the judgment, duly certified by the Clerk of the Court under his hand and the seal of the Court. The objection interposed successfully to this evidence was that the name of the Circuit Judge did not appear in the certified copy and that the plaintiff failed to show that the original judgment was signed by the judge.

We have not been favored with a brief on behalf of the defendant and do not exactly comprehend what is meant by the former portion of the objection. The judgment after reciting the verdict of the jury, proceeds: "It is, therefore, considered by the court and it is the judgment of the court that the plaintiff Attaway McKin-

non do have and recover of and from the said defendants"
&c.   This is the approved form of a judgment.   Lovett v.
State, 29 Fla. 356, 11 South. Rep. 172.

It is not usual for judgment pronounced in open court
upon the verdict of a jury to be signed by the judge.   It
is a minute entry of the clerk, not them and there signed
by the judge, who signs only at the close of the term the
minutes as a whole.   Section 1522 General Statutes pro-
vides that certified copies of all final judgments rendered
and entered in the Circuit Courts of this State shall be
admissible as prima facie evidence in the several courts
of this State of the entry and validity of such judgments.
This statute would set the question at rest, even should
there be authority to make it otherwise an open one.   11
Ency. Pl. & Pr. 960.

Objection was also offered to the admissibility of the
execution upon the grounds that the plaintiff had failed
to prove the judkment, and further that the return thereon
showed it was received by the sheriff before it was issued.
We do not know what weight if any was given to the
latter ground.   The return as to the date upon which
it was recorded by the sheriff is so evidently a mere cler-
ical misprison that the sheriff should have been permit-
ted to correct it, should the mistake be deemed material.
18 Ency. Pl. & Pr. 914.

What we have said disposses of the objection to the
sheriff's deed as being without foundation to support it.

Judgment reversed.

WHITFIELD, C. J., AND SHACKLEFORD AND HOCKER, J. J.,
concur.

TAYLOR, J., not participating.